IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LUKE ARCHULETA,**

        **Plaintiff,**

v.                                                                                               No. 1:24-cv-00359-KK-JHR

**BOARD OF EDUCATION FOR
ESPANOLA VALLEY PUBLIC SCHOOLS,
FILBERTO "FIL" DOMINGUEZ,
JOEY TRUJILLO, and
HOLLY MARTINEZ,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STAY ON THE BASIS OF QUALIFIED IMMUNITY [DOC. 9]

THIS MATTER comes before the undersigned on Defendants' Opposed Motion to Stay on the Basis of Qualified Immunity [Doc. 9]. Archuleta[1] filed a response [Doc. 12], and Defendants filed a reply [Doc. 14] that they later withdrew [Doc. 17] then refiled [Doc. 18]. Having reviewed the parties' briefing, the record, and applicable law, I find that Defendants' motion is well-taken and **GRANT** a stay of discovery pending resolution of Defendants' motion to dismiss.

### I.  PROCEDURAL BACKGROUND

Archuleta filed suit on April 15, 2024, bringing two claims against Defendants under 28 U.S.C. § 1983 and the New Mexico Civil Rights Act for violation of his rights under the First Amendment to the U.S. Constitution and Article II, Section 17 of the New Mexico Constitution. Archuleta alleges that while attending the 11th grade at Española Valley High School, Española

---

[1] When the suit was originally filed, it was brought by Ruben and Tina Archuleta as next friends and legal guardians of Luke Archuleta. [Doc. 1]. Since then, the Court approved a motion to substitute Luke Archuleta as the only named plaintiff. *See* [Doc. 23].

1

Valley Public Schools ("EVPS") and Martinez hired Trujillo and Dominguez as head and assistant coach of the varsity basketball team without their legally required licensure. [Doc. 1, at 6–7]. During the season, Dominguez subjected Archuleta to multiple instances of verbal or physical abuse, which Archuleta and his parents reported to Trujillo and Martinez. *Id.* at 8–12. However, no meaningful disciplinary action was taken against Dominguez, and Dominguez and Trujillo allegedly retaliated against Archuleta with further abuse and dwindling playing time until they cut him from the team. *Id.* at 10–11, 14. Archuleta alleges he suffered anxiety, panic attacks, and depression from the harassment by Dominguez and Trujillo, which eventually forced him to change schools. *Id.* at 15.

Defendants filed two motions, one for dismissal based on qualified immunity and failure to state a claim and the present motion requesting a stay of discovery. [Doc. 8] ; [Doc. 9].

## II. BRIEFING SUMMARY

Defendants assert a stay of discovery is appropriate based on Martinez, Trujillo, and Dominguez's assertion of qualified immunity against Archuleta's § 1983 claim. [Doc. 9, at 1]. Defendants argue that because qualified immunity defends against both liability and the burdens of litigation, all discovery should be stayed until the Court rules on their motion to dismiss. *Id.* at 2.

Archuleta does not dispute that qualified immunity would justify a stay for Martinez, Trujillo, and Dominguez with respect to matters relating to civil damages for his § 1983 claim. [Doc. 12, at 2–3]. However, Archuleta points out that qualified immunity will not protect EVPS nor offer a defense to his state law claim and declaratory relief for his § 1983 claim. *Id.* Therefore, Archuleta argues the Court should use its discretion to deny a stay in light of the factual entwinement of both his claims. *Id.* Defendants reply that Archuleta ignores clear signals from the

Supreme Court supporting broad discovery stays in the face of qualified immunity and improperly requests declaratory relief in this case. [Doc. 18, at 2–6].

### III. STATEMENT OF THE ISSUE

1. Should the Court grant Defendants a stay of discovery in light of the individual Defendants' assertion of qualified immunity, and if so, to what extent?

### IV. APPLICABLE LAW

Qualified immunity precludes civil liability for a government official unless his or her actions violated the plaintiff's constitutional or statutory rights and the law clearly established the illegality of those actions. *E.g.*, *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). Only an individual official may assert the defense against monetary damages; qualified immunity does not cover injunctive relief or entity defendants. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Qualified immunity not only heightens the standard for liability but also excuses government officials from the usual preoccupations of pretrial litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Therefore, courts should first address any threshold legal questions in the suit pertaining to qualified immunity, once a defendant raises it, before starting or continuing discovery. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (qualified immunity is an affirmative defense). This immunity from litigation itself may justify a broad stay of discovery, even if a successful qualified immunity defense would not dispose of the entire action, to ensure its benefits inure to the defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009).

However, qualified immunity forecloses "broad-reaching" discovery, not all discovery. *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quoting *Harlow*, 457 U.S. at 818); *see also Behrens*, 516 U.S. at 312. Thus, courts may still exercise discretion when deciding to stay discovery and to what extent. *Graham v. Gray*, 827 F.2d 679, 681 (10th Cir. 1987); *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386–87 (10th Cir. 1994). Nevertheless, this Court has adopted a general policy of staying all discovery once a party asserts a right to dismissal or judgment based on qualified immunity. *Encinias v. N.M. Corr. Dep't*, No. 1:21-cv-01145, 2022 WL 2341629, at *2 (D.N.M. June 29, 2022) (citing *Mathis v. Centurion Corr. Healthcare of N.M., LLC*, No. 1:22-cv-00020, 2022 WL 1987713, at *1 (D.N.M. June 6, 2022)); *Higgins v. Saavedra*, No. 1:17-cv-00234, 2017 WL 1437317, at *2 (D.N.M. Apr. 21, 2017); *Brassell v. City of Santa Rosa*, No. 1:22-cv-00802, 2023 WL 171789, at *2 (D.N.M. Jan. 12, 2023).

Exceptions where the Court has permitted some discovery to continue include when the need for timely discovery substantially outweighed the qualified immunity interest at stake, or the defense applied to too few parties and claims to outweigh the public and Court's interest in the suit's expeditious resolution. *Ferro v. Bd. of Cnty. Comm'rs*, No. 18-cv-00223, 2018 WL 5268202, at *3 (D.N.M. Oct. 23, 2018) (permitting interrogatory that was the plaintiff's sole avenue to discovering identity of proper defendant); *Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1169 (D.N.M. 2023). Still, the Court approved limited stays for the claims and parties covered by qualified immunity in those instances. *Ferro*, 2018 WL 5268202, at *2–3; *see Cruz*, 687 F. Supp. 3d at 1166–67, 1170 (discussing stays for § 1983 claims).

## V.   ANALYSIS

As discussed above, the Court generally favors staying all discovery once a defendant asserts qualified immunity. *E.g.*, *Encinias*, 2022 WL 2341629, at *2. Archuleta asks for an

4

exception to that policy because qualified immunity will not cover his state law claim, his request for declaratory relief, or EVPS. [Doc. 12, at 2–3]. Since his two claims share a common core of operative facts, Archuleta asserts the parties would have to perform the same discovery regardless of whether the Court dismisses the § 1983 claim based on qualified immunity. *Id.* at 3. As support, Archuleta cites the Court's decision in *Cruz*, the District of Colorado's decision in *Rome*, and the Northern District of Texas's decision in *Sorrells*. *Id.* at 2–3.

However, I find these cases are distinguishable. In *Cruz*, the Court found that qualified immunity did not justify a complete discovery stay because the defense applied to one claim against one defendant out of the suit's eight claims and eleven defendants. *Cruz*, 687 F. Supp. 3d at 1159, 1170. The interest in expeditiousness and the gravity of alleged civil rights violations resulting in a man's violent death therefore took priority. *Id.* at 1169. In *Rome*, the court granted a limited stay in part to accommodate discovery which had already begun, and its decision otherwise is non-binding. *Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004). And finally, *Sorrells* addressed a pattern of abuse where defendants requested a discovery stay based on qualified immunity then moved for summary judgment based on a lack of evidence. *Est. of Sorrells v. City of Dallas*, 192 F.R.D. 203, 207 (N.D. Tex. 2000).

Here, the case stands at a motion to dismiss posture and qualified immunity covers one out of two claims and three out of the four defendants. Thus, the potential for abuse addressed in *Sorrells* is not present, and qualified immunity will have a far greater impact on the suit's merits than in *Cruz*. *See Sorrells*, 192 F.R.D. at 207; *see Cruz*, 687 F. Supp. 3d at 1169–70. The common facts and parties between the state and federal claims can justify allowing discovery to continue given the parties would have to conduct the same discovery regardless. *McGinn v. El Paso Cnty.*, 640 F. Supp. 3d 1070, 1075 (D. Colo. 2022). But that similarity also supports staying all discovery

to ensure Martinez, Trujillo, and Dominguez get the benefit of the stay for the § 1983 claim to which they are entitled. *See Herrera v. Santa Fe Pub. Schs.*, No. 11-cv-00422, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (the interest in ensuring a protected party is not compelled to participate in or otherwise be the subject of discovery while qualified immunity issue is pending did not support a partial stay).

Furthermore, Archuleta does not argue that timely discovery is critical to avoid a substantial prejudice to his position nor to prove the qualified immunity defense fails. *Ferro*, 2018 WL 5268202, at *3; *Workman*, 958 F.2d at 336. I find that all of these considerations support a complete stay of discovery.[2]

## VI. **CONCLUSION**

In sum, for the reasons above I **GRANT** Defendants' motion. All discovery is hereby **STAYED** pending the Court's ruling on Defendants' motion to dismiss [Doc. 8].

**IT IS SO ORDERED.**

Hon. Jerry H. Ritter
United States Magistrate Judge

---

[2] Because the issue is not necessary to resolve Defendants' motion, I do not address Defendants' argument that Archuleta cannot seek declaratory relief for his claims. [Doc. 18, at 5].